[No. B130959. Second Dist., Div. Six. Aug. 21, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES PHILLIPS et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions deleted are noted by the insertion of double brackets [[/]].

**COUNSEL**

Anthony J. Dain, under appointment by the Court of Appeal, for Defendant and Appellant Lacey Harris.

Susan K. Keiser, under appointment by the Court of Appeal, for Defendant and Appellant Charles Phillips.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and William V. Ballough, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, P. J.**—California employs the M'Naghten test for insanity. When committing an offense, the accused must be incapable of understanding the nature of his or her act, or distinguishing right from wrong. Here we conclude that the test for idiocy is the same.

Charles Phillips was found guilty of second degree robbery. (Pen. Code, § 211.)[1] The jury also found that a principal in the robbery was armed with a firearm. (§ 12022, subd. (a)(1).) [[/]]* Phillips contends he cannot commit a crime because he is an idiot within the meaning of section 26. [[/]]* We affirm.

[[/]]*

FACTS

On August 16, 1998, Phillips and Lacey Harris entered a 7-Eleven store on West Pico Boulevard. At 4:30 a.m. the store clerk, Surinder Kumar, was

---

[1]All statutory references are to the Penal Code unless otherwise stated.
*See footnote, *ante*, page 170.

in front of the counter. Harris hit Kumar on the head with a handgun and ordered him to open the cash registers. Harris removed $70 from one register and $25 to $35 from another register.

Phillips said he wanted beer. Harris held the gun to Kumar's back and the three of them went to the refrigerator. Harris and Phillips took a case of malt liquor.

Harris told Phillips to search Kumar's pockets for money. Phillips took $10 from Kumar's pocket.

Harris ordered Kumar to give them food stamps. Phillips said he wanted cigarettes. Harris and Phillips took six or seven cartons of Camel cigarettes. Kumar gave them food stamps.

Harris and Phillips left the store and Kumar summoned the police. After a high-speed chase, Harris lost control of the car.

In the car, the police found a fully loaded gun, a case of malt liquor that was still cold and cartons of cigarettes. The police also recovered cash and food stamps from Harris and Phillips. Kumar identified Harris and Phillips. Harris confessed to the robbery and assault. The incident was recorded by the store's security camera.

### DEFENSE

Clinical psychologist Nancy Kaser-Boyd testified that Phillips has an intelligence quotient of 69. Intelligence quotients of 69 and below are classified as mentally retarded. Phillips cannot read, has poor impulse control and is a follower. Phillips is brain impaired due to a gunshot wound to his head. He is afraid of guns and did what Harris said because he was afraid of being shot. Phillips, however, knew what he was doing was wrong.

### DISCUSSION

### I

Phillips contends he is incapable of committing a crime. He relies on section 26, which provides in part, "All persons are capable of committing crimes except . . . [¶] . . . [¶] [i]diots. . . ."

California law exempts from criminal responsibility not only idiots but also the insane. Until 1982, statutes defined neither idiocy nor insanity. The definitions of those terms were left to the judiciary. In *People v. Drew* (1978) 22 Cal.3d 333 [149 Cal.Rptr. 275, 583 P.2d 1318], our Supreme Court rejected the traditional M'Naghten test for insanity. Instead, it adopted the test appearing in the American Law Institute's Model Penal Code. Under that test, " 'A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality [wrongfulness] of his conduct or to conform his conduct to the requirements of law.' " (*Id.* at p. 345, fn. omitted.)

In *In re Ramon M.* (1978) 22 Cal.3d 419 [149 Cal.Rptr. 387, 584 P.2d 524], our Supreme Court adopted the same test for the defense of idiocy. The court pointed out that the judiciary had not found it necessary to fashion separate tests for the defenses of idiocy, lunacy and insanity because "all those terms describe mental conditions which render a defendant not 'of sound mind' . . . ." (*Id.* at p. 425.)

In 1982, section 25, subdivision (b) was added as part of Proposition 8. That subdivision provides in part that insanity shall only be found when the accused person "was incapable of knowing or understanding the nature and quality of his or her act and of distinguishing right from wrong at the time of the commission of the offense." Thus the M'Naghten rule was reinstated as the test for insanity.

The test for the defense of idiocy, however, is not defined by statute. The question is whether the Model Penal Code test adopted in *Ramon M.* still applies. We conclude it does not. As the court pointed out in *Ramon M.*, there is no basis for distinguishing between insanity and idiocy for the purposes of imposing criminal responsibility. It would make no sense to conclude that lack of capacity to commit a crime is governed under one test in the case of mental illness and another test in the case of mental retardation.

We hold that the test for insanity as stated in section 25, subdivision (b) applies also to determine whether a person is an idiot pursuant to section 26. Because even Phillips's expert testified Phillips knew what he was doing was wrong, there is no basis for concluding he lacked the capacity to commit the crime.

[[II-V]]*

The judgment against Phillips is affirmed.

Yegan, J., and Coffee, J., concurred

A petition for a rehearing was denied September 11, 2000, and the petition of appellant Charles Phillips for review by the Supreme Court was denied November 29, 2000.

*See footnote, *ante*, page 170.